| Voluntary PettiFill in this information to identify the case: | |
|---|---|

United States Bankruptcy Court for the:

**Southern District of New York**
_____
(State)

Case number *(if known):* _____    Chapter **11**

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | **FULLBEAUTY Brands Holdings Corp.** |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | OSP Holdings Corp.; Oilers Acquisition Holdings Corp. |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | <u>61-1698053</u> |

| | | |
|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** |

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **One New York Plaza**<br>Number            Street | **50 Main Street**<br>Number          Street |
| | **Suite 1000**<br>P.O. Box |
| **New York, New York 10004**<br>City                     State     Zip Code | **White Plains, New York 10606**<br>City                     State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **New York**<br>County | Number          Street |
| | City                     State     Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | **https://www.fullbeauty.com** |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | FULLBEAUTY Brands Holdings Corp. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4541 Electronic Shopping and Mail-Order Houses

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Southern District of New York** | When | **02/03/2019** MM / DD / YYYY |
| Case number, if known | _____ | | |

Debtor    FULLBEAUTY Brands Holdings Corp.                                    Case number *(if known)*
_____
Name

| | |
|---|---|
| **11. Why is the case filed in** *this* **district?** | *Check all that apply:*<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No.<br>☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>   What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?**<br>_____<br>Number        Street<br><br>_____<br>City                State      Zip Code<br><br>**Is the property insured?**<br><br>☐ No<br><br>☐ Yes.   Insurance agency  _____<br><br>        Contact name  _____<br><br>        Phone  _____ |

| Statistical and administrative information | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49 ☐ 1,000-5,000 ☐ 25,001-50,000<br>☐ 50-99 ☐ 5,001-10,000 ☐ 50,001-100,000<br>☐ 100-199 ☐ 10,001-25,000 ☐ More than 100,000<br>☒ 200-999 |
| **15. Estimated assets** | ☐ $0-$50,000 ☐ $1,000,001-$10 million ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000 ☐ $10,000,001-$50 million ☒ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000 ☐ $50,000,001-$100 million ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million ☐ $100,000,001-$500 million ☐ More than $50 billion |

Debtor    FULLBEAUTY Brands Holdings Corp.                                    Case number *(if known)*  _____
       Name

| 16. Estimated liabilities | | | | |
|---|---|---|---|---|
| | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __02/03/2019__
            MM/ DD / YYYY

✖   __/s/ Robert J. Riesbeck__                          Robert J. Riesbeck
    Signature of authorized representative of debtor     Printed name

Title   __Chief Financial Officer__

**18. Signature of attorney**

✖   __/s/ Jonathan S. Henes__                    Date   __02/03/2019__
    Signature of attorney for debtor                         MM/ DD/YYYY

**Jonathan S. Henes**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number                     Street

**New York**                                    **New York**        **10022**
City                                                  State            ZIP Code

**(212) 446-4927**                                   jhenes@kirkland.com
Contact phone                                        Email address

**2822203**                          **New York**
Bar number                          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the :

**Southern District of New York**

(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of FULLBEAUTY Brands Holdings Corp.

| |
|---|
| Blackdog Holdings, Inc. |
| FULLBEAUTY Brands Holdings Corp. |
| FULLBEAUTY Brands, Inc. |
| FULLBEAUTY Brands, LLC |
| FULLBEAUTY Brands Management Services, LLC |
| FULLBEAUTY Brands Merchant, Inc. |
| FULLBEAUTY Brands Operations, LLC |
| FULLBEAUTY Brands Texas, LLC |
| Jessica London, Inc. |
| Swimsuits for All, LLC |

| Fill in this information to identify the case: | | |
| --- | --- | --- |
| Debtor name **FULLBEAUTY Brands Holdings Corp.** | | |
| United States Bankruptcy Court for the: Southern District of New York | ☐ | Check if this is an amended filing |
| Case number *(if known)*: _____ (State) | | |

Official Form 204

Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.
Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors,
unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | KGS Sourcing Ltd. 20/F Lu Plaza, 2 Wing Yip Street Kwung Tong, Hong Kong | Attn: Glenda Wee Tel: 85266299900 Email: glenda.wee@kgssourcing.com | Trade Payable | | | | $38,892,899 |
| 2 | Fedex PO Box 94515 Palatine, IL 60094 - 4515 | Attn: Ryan Ade Tel: (317) 654-4060 Email: ryan.ade@fedex.com | Trade Payable | | | | $6,764,134 |
| 3 | William E Connor & Associates Ltd. The Harbourfront, 6/F Office Tower II, 18 - 22 Tak Fun Street Hung Hom Kowloon, Hong Kong | Attn: Justin Kent Tel: 85291050153 Email: jkent@weconnor.com | Trade Payable | | | | $4,157,971 |
| 4 | LSC Communications Inc. 35 W Wacker, Chicago, IL 60601 | Attn: Tom Daley Tel: (631) 474-9624 Email: tom.daley@lsccom.com | Trade Payable | | | | $3,326,553 |
| 5 | Demandware Inc. 5 Wall Street, Burlington, MA 1803 | Attn: Amy Weaver Tel: 1-800-667-6389 Email: commercecloud@salesforce.com | Trade Payable | | | | $2,273,211 |
| 6 | Gingo Biloba SA CC-Lex, Avenue du Centenaire 120 Boite 2, Nivelles, 1400 Belgium | Attn: Christophe Chardon Tel: 067/70.00.50 Email: christophe.chardon@cc-lex.be | Trade Payable | Disputed | | | $1,066,557 |

---

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 7 | Chowdhury Fashion Wear Ltd House No 365/1 Jafarabad, Mohammadpur, Dhaka, 1207 Bangladesh | Attn: Mohammed Chowdhury Tel: 880258153601 Email: hkbluesk@netvigator.com | Trade Payable | | | | $1,012,507 |
| 8 | Maryland International Ltd. 3F 481 Fu Hsing N Rd, Taipei, 10543 Taiwan, Republic of China | Attn: David Meng Tel: ( 02 )27131334-6 Email: david@centaur.com.tw | Trade Payable | | | | $850,361 |
| 9 | Main Street Fashions Inc. 512 7th Ave, Suite 3700 New York, NY 10018 | Attn: Raj Bhambri Tel: (212) 764-2613 Email: Msfasn@aol.com | Trade Payable | | | | $808,798 |
| 10 | Eric Jay Ltd. 65 Railroad Ave Suite 101B, Ridgefield, NJ 7657 | Attn: Steven Gottlieb Tel: (201) 941-1717 Email: steveng@ericjay.com | Trade Payable | | | | $589,556 |
| 11 | JLJ Home Furnishings LLC PO BOX 78262, Charlotte, NC 28271 | Attn: Rory Vitale Tel: 704-239-8630 Email: rorydvitale@aol.com | Trade Payable | | | | $550,555 |
| 12 | One Ny Plaza Co LLC c/o Brookfield Financial Properties, L.P., 250 Vesey Street, 15th Floor, New York, NY 10281-1023 | Attn: General Counsel Tel: 212.417.7000 Email: info@brookfieldproperties.com | Trade Payable | | | | $509,827 |
| 13 | Amelotte International Corp 213 West 35th Street, Suite 302, New York, NY 10001 | Attn: Moises Leal Tel: (212) 971-1423 Email: info@amelotte.com | Trade Payable | | | | $449,535 |
| 14 | St Malo Exports Royal Rd, Tombeau Bay, 21733 Mauritius | Attn: Katty Chong Tel: 230 247 1672 Email: katty.chong@tropitex.com | Trade Payable | | | | $446,088 |
| 15 | Amperity Inc. 1000 1st Ave S 6th floor, Seattle, WA 98134 | Attn: Amy Kelleran Pelly Tel: (206) 432-8302 Email: contact@amperity.com | Trade Payable | | | | $427,500 |
| 16 | Facebook Inc. 1601 Willow Road, Menlo Park, CA 94025 | Attn: Colin Stretch Tel: 650-543-4800 Email: payment@fb.com | Trade Payable | | | | $420,647 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 17 | DKS Consulting Services LLC 39 Parkview Drive, Albertson, NY 11507 | Attn: Tom Sharma Tel: 516 801 2049 Email: tom.sharma@bootstrapus.com | Trade Payable | | | | $358,400 |
| 18 | Hanes Brands Inc./Playtex 1000 East Hanes Mill Rd, Winston Salem, NC 27105 | Attn: Shelly Vickers Tel: 336-519-8080 Email: shelly.vickers@hanes.com | Trade Payable | | | | $349,279 |
| 19 | Dora L International Inc. 441 S Hewitt Street, Los Angeles, CA 90015 | Attn: Kenneth Verduzco Tel: (213) 626-6808 Email: kennyv@doralinc.com | Trade Payable | | | | $337,299 |
| 20 | Microsoft Online Inc. c/o Bank of America, 1950 Stemmons Fwy Ste 2010 LB #842467, Dallas, TX 75207 | Attn: Dev Stahlkopf Tel: 775-823-5600 Email: adbill@microsoft.com | Trade Payable | | | | $327,208 |
| 21 | Microsoft Corporation PO BOX 842103, Dallas, TX 75284-2103 | Attn: Dev Stahlkopf Tel: (800) 642-7676 Email: mscredit@microsoft.com | Trade Payable | | | | $322,752 |
| 22 | Eternal Fortune Fashion LLC 135 West 36th Street, 5th Floor New York, NY 10018 | Attn: Frank Riech Tel: (212) 695-5322 Email: frank.riech@profilenyc.com | Trade Payable | | | | $302,598 |
| 23 | LB International Inc. 200 Hicks RD, Westbury, NY 11590 | Attn: Joel Margolin Tel: (631) 236-4400 Email: sales@lbimports.com | Trade Payable | | | | $290,371 |
| 24 | Impact Radius Inc. 223 East De La Guerra Street, Santa Barbara, CA 93101 | Attn: David Yovanno Tel: (805) 324-6021 Email: info@impact.com | Trade Payable | | | | $279,410 |
| 25 | Leading Lady Companies 24050 Commerce Park Suite 101, Beachwood, OH 44122 | Attn: Meredith Miniat Tel: (216) 464-5490 Email: info@leadinglady.com | Trade Payable | | | | $253,702 |
| 26 | Taistech LLC 15601 Dallas Parkway Suite 250, Addison, TX 75001 | Attn: Mithun Shenoy Tel: (972) 521-3063 Email: mithun.shenoy@taistech.com | Trade Payable | | | | $238,935 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 27 | Elite Home Products Inc. 95 Mayhill Street, Saddle Brook, NJ 7663 | Attn: Diane Abrams Tel: (201) 880-8292 Email: dabrams@elitehomeproductsinc.com | Trade Payable | | | | $237,726 |
| 28 | Merchandising MFG Sourcing Inc. PO BOX 740952, Los Angeles, CA 90074-0952 | Attn: Mike Lee Tel: (626) 442-7600 Email: mikel@mms-intl.com | Trade Payable | | | | $237,164 |
| 29 | RR Donnelley Receivables, Inc. PO BOX 905151, Charlotte, NC 28290-5181 | Attn: Patrick Karker Tel: (775) 829-4403 Email: patrick.d.karker@rrd.com | Trade Payable | | | | $230,746 |
| 30 | Glamorise Foundations 135 Madison Avenue 3rd Floor, New York, NY 10016 | Attn: Sven Saller Tel: (212) 684-5025 Email: ss@glamorise.com | Trade Payable | | | | $208,254 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FULLBEAUTY BRANDS HOLDINGS CORP., | Case No. 19-[_____] (RDD) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| FULLBEAUTY Brands Holdings Corp. | Blackdog Holdings, Inc. | One New York Plaza, New York, New York 10004 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FULLBEAUTY BRANDS HOLDINGS CORP., | Case No. 19-[_____] (RDD) |
| Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Apax Partners, LLP | 69.6% |
| Charlesbank Capital Partners, LLC | 26.4% |
| Blackdog Topco Holdings G.P. Co. | 100% |
| Blackdog Topco Holding, L.P. | 100% |
| Blackdog Holdings, Inc. | 100% |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **FULLBEAUTY Brands Holdings Corp.** |
| United States Bankruptcy Court for the: | **Southern District of New York** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____**List of Equity Security Holders, Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **02/03/2019** | ☒ */s/ Robert J. Riesbeck* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Robert J. Riesbeck** |
| | Printed name |
| | **Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## UNANIMOUS OMNIBUS RESOLUTIONS

January 31, 2019

The undersigned, being the board of directors, board of managers, sole manager, sole member, or members, as applicable (each, the "Governing Body"), of Blackdog Topco Holdings, L.P. and Blackdog Topco Holdings G.P., Co. (each, a "Company," and collectively, the "Companies") and the Subsidiaries (as defined below) hereby take the following actions and adopt the following resolutions, pursuant to, as applicable, the bylaws, limited liability company agreement, or similar document (in each case as amended or amended and restated to date) of the Companies and Subsidiaries and the laws of the state of formation of each Company and Subsidiary as set forth next to each Company's and Subsidiary's name on the attachments hereto:

WHEREAS, each Governing Body considered presentations by management (the "Management") and the financial and legal advisors (collectively, the "Advisors") of FULLBEAUTY Brands Holdings Corp. regarding the liabilities and liquidity situation of Blackdog Holdings, Inc.; FULLBEAUTY Brands Holdings Corp; FULLBEAUTY Brands, Inc.; FULLBEAUTY Brands, LLC; FULLBEAUTY Brands Management Services, LLC; FULLBEAUTY Brands Merchant, Inc.; FULLBEAUTY Brands Operations, LLC; FULLBEAUTY Brands Texas, LLC; Jessica London, Inc.; and Swimsuits for All, LLC (each, a "Subsidiary", and collectively, the "Subsidiaries") the strategic alternatives available to each Subsidiary, and the effect of the foregoing on such Subsidiaries' businesses;

WHEREAS, the Subsidiaries negotiated and, as of December 18, 2018, entered into the Restructuring Support Agreement (the "RSA"), which agreement contemplates a comprehensive restructuring of the Subsidiaries' capital structure on the terms set forth therein;

WHEREAS, pursuant to the direction of each Governing Body, the Subsidiaries' management and advisors engaged in good-faith negotiations with the Companies' and Subsidiaries' Sponsors and Consenting Lenders (each as defined in the RSA) over the terms of the *Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "Plan");

WHEREAS, each Governing Body, based on its business judgment and acting in the best interests of the applicable Subsidiary, its creditors, and other parties in interest, approved the Plan and disclosure statement related thereto for solicitation of votes from the holders of the FILO Claims, First Lien Claims, and Second Lien Claims (each as defined in the RSA) entitled to vote on the Plan and for filing with the United States Bankruptcy Court for the Southern District of New York, if and when appropriate, and solicitation of the Plan commenced on January 6, 2019;

WHEREAS, the deadline for the receipt of votes to accept or reject the Plan was January 24, 2019; and

WHEREAS, each Governing Body discussed the foregoing with Management and the Advisors of each Subsidiary and each Governing Body has fully considered each of the strategic

alternatives available to each Subsidiary and has determined, in the judgment of each Governing Body, that the following resolutions are in the best interests of each Subsidiary and its creditors;

NOW, THEREFORE, BE IT:

## RESTRUCTURING SUPPORT AGREEMENT; CHAPTER 11 PLAN; SOLICITATION

RESOLVED, that in the business judgment of each Governing Body, it is desirable, and in the best interests of each Subsidiary, its creditors, and other parties in interest, to have entered into the RSA and that each Subsidiary's performance of its obligations under the RSA, including the negotiation and documentation of the Plan and commencement of the prepackaged solicitation of the Plan and Disclosure Statement (as defined in the RSA), and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by each Governing Body.

## CHAPTER 11 FILING

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of each Subsidiary, its creditors, and other parties in interest, that each Subsidiary shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition and the voluntary petitions to be filed by the Subsidiaries, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction.

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, General Counsel, Secretary, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of each Subsidiary (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Subsidiary all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Subsidiaries' business.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as each Subsidiary's counsel, to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Subsidiary's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of each Subsidiary; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate

2

retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of AlixPartners, LLP, as each Subsidiary's financial advisors, to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Subsidiary's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain AlixPartners, LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of PJT Partners LP, as each Subsidiary's restructuring advisors, to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Subsidiary's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PJT Partners LP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Prime Clerk LLC, as each Subsidiary's notice, claims, and balloting agent and as administrative advisor, to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Subsidiary's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Ernst & Young LLP, as each Subsidiary's tax advisor, to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Subsidiary's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Ernst & Young LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ any other professionals to assist each Subsidiary in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with each Subsidiary's chapter 11 case.

## CASH COLLATERAL AND ADEQUATE PROTECTION[1]

RESOLVED, that each Subsidiary will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a)     that certain ABL Credit Agreement, dated October 14, 2015 (as amended, restated, modified, supplemented, or replaced from time to time in accordance with its terms), by and among FULLBEAUTY Brands Holdings Corp., as lead borrower, Blackdog Holdings., Inc., each of the other borrowers party thereto, the ABL Agent, the ABL Lenders, and the FILO Lenders (each as defined in the Disclosure Statement);

(b)     that certain First Lien Term Loan Credit Agreement, dated October 14, 2015 (as amended, restated, modified, supplemented, or replaced from time to time in accordance with its terms), by and among FULLBEAUTY Brands Holdings Corp., as borrower, Blackdog Holdings, Inc., the First Lien Agent, and the First Lien Lenders (each as defined in the Disclosure Statement);

(c)     that certain Second Lien Term Loan Credit Agreement, dated October 14, 2015 (as amended, restated, modified, supplemented, or replaced from time to time in accordance with its terms), by and among FULLBEAUTY Brands Holdings Corp., as borrower, Blackdog Holdings, Inc., the Second Lien Agent, and the Second Lien Lenders (each as defined in the Disclosure Statement);

RESOLVED, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Subsidiary will provide certain adequate protection to the Secured Lenders (collectively, the "Adequate Protection Obligations"), as documented in a proposed interim Cash Collateral order (the "Interim Cash Collateral Order") substantially in the form presented to each Governing Body of the Subsidiaries on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, to be submitted for approval to the Bankruptcy Court.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in Exhibit A to the Ratification and Amendment Agreement (as defined herein), as the context requires.

RESOLVED, that each Subsidiary, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed, and empowered in the name of, and on behalf of, each Subsidiary, as debtor and debtor in possession, to take such actions as in his reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

## GENERAL

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Subsidiary, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company and Subsidiary, or hereby waives any right to have received such notice.

RESOLVED, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Subsidiary, prior to the date of this consent on behalf of each Subsidiary be, and are hereby in all respects are approved, confirmed and ratified as the true acts and deeds of the Company and each Subsidiary with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of each Subsidiary, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of each Subsidiary with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each Subsidiary, in each case, as such Authorized Officer shall deem

necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

This Consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same Consent.  The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Governing Body of the Company and each Subsidiary, pursuant to the limited liability company agreement or operating agreement of the Company and such Subsidiary, as applicable, and the laws of the State of the Company's and such Subsidiary's jurisdiction of formation.

\*       \*       \*       \*       \*

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/
Emilie Arel

/s/
Seth Brody

/s/
Andrew Janower

/s/
Joshua Klevens

/s/
Moshin Meghji

/s/
Alex Pellegrini


**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>ATTACHMENT A</u>**

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/
Emilie Arel

/s/
Seth Brody

/s/
Andrew Janower

/s/
Joshua Klevens

/s/
Moshin Meghji

/s/
Alex Pellegrini

**BEING ALL OF THE MEMBERS OF THE
BOARD OF DIRECTORS OF THE COMPANY
LISTED ON ATTACHMENT A**

7

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/ _____
Emilie Arel

/s/ _____
Seth Brody

/s/ _____
Andrew Janower

/s/ _____
Joshua Klevens

/s/ _____
Moshin Meghji

/s/ _____
Alex Pellegrini


**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>ATTACHMENT A</u>**

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/
_____
Emilie Arel


/s/
_____
Seth Brody


/s/
_____
Andrew Janower

/s/
_____
Joshua Klevens


/s/
_____
Moshin Meghji


/s/
_____
Alex Pellegrini



**BEING ALL OF THE MEMBERS OF THE
BOARD OF DIRECTORS OF THE COMPANY
LISTED ON ATTACHMENT A**

7

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/ _____
Emilie Arel


/s/ _____
Seth Brody


/s/ _____
Andrew Janower


/s/ _____
Joshua Klevens

/s/ _____
Moshin Meghji


/s/ _____
Alex Pellegrini



**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>ATTACHMENT A</u>**

7

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/ _____
Emilie Arel

/s/ _____
Seth Brody

/s/ _____
Andrew Janower

/s/ _____
Joshua Klevens

/s/ _____
Moshin Meghji

/s/ _____
Alex Pellegrini


**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>ATTACHMENT A</u>**

7

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/ _____
Joshua Klevens


/s/ _____
Alex Pellegrini



**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON ATTACHMENT B**

8

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/ _____
Joshua Klevens

/s/ _____
Alex Pellegrini

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>ATTACHMENT B</u>**

8

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

/s/
Emilie Arel

/s/
Robert J. Riesbeck

/s/
Laura Warren

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OR BOARD OF MANAGERS, AS APPLICABLE, OF EACH COMPANY LISTED ON ATTACHMENT C**

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

> Jessica London, Inc.
> FULLBEAUTY Brands, Inc.
>
> By:   /s/
> Name: Emilie Arel
> Title:   President and Chief Executive Officer
>
>
> **BEING THE MEMBERS OF THE COMPANY LISTED ON <u>ATTACHMENT D</u>**

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

Jessica London, Inc.

By:    */s/*

Name: Emilie Arel

Title:   President and Chief Executive Officer

**BEING THE SOLE MEMBER OF EACH COMPANY LISTED ON <u>ATTACHMENT E</u>**

11

**Attachment A**

| COMPANY | JURISDICTION |
|---|---|
| Blackdog Topco Holdings, L.P. | Delaware |

**Attachment B**

| COMPANY | JURISDICTION |
|---|---|
| Blackdog Topco Holdings G.P., Co. | Delaware |

**Attachment C**

| **COMPANY** | **JURISDICTION** |
|---|---|
| Blackdog Holdings, Inc. | Delaware |
| FULLBEAUTY Brands Holdings Corp. | Delaware |
| FULLBEAUTY Brands, LLC | Delaware |
| FULLBEAUTY Brands, Inc. | Delaware |
| FULLBEAUTY Brands Merchant, Inc. | Indiana |
| Jessica London, Inc. | Indiana |
| FULLBEAUTY Brands Texas, LLC | Texas |

**Attachment D**

| COMPANY | JURISDICTION |
|---|---|
| FULLBEAUTY Brands Management Services, LLC | New York |

**Attachment E**

| **COMPANY** | **JURISDICTION** |
|---|---|
| Swimsuits for All, LLC | Indiana |
| FULLBEAUTY Brands Operations, LLC | Indiana |