**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| FULLBEAUTY BRANDS HOLDINGS CORP., *et al.*,[1] | ) ) Case No. 19-22185 (RDD) |
| Debtors. | ) ) (Joint Administration Requested) ) |

**ORDER (I) APPROVING THE
DISCLOSURE STATEMENT AND CONFIRMING
THE FIRST AMENDED JOINT PREPACKAGED CHAPTER 11 PLAN
OF REORGANIZATION OF FULLBEAUTY BRANDS HOLDINGS CORP.
AND ITS DEBTOR AFFILIATES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") having:

a. distributed, on or about January 4, 2019: (i) the *Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as the same may have been modified, supplemented, and amended, the "Plan");[2] (ii) the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holding Corp. and Its Debtor Affiliates* (as the same may have been modified, supplemented, and amended, the "Disclosure Statement"); and (iii) *Notice of Commencement of Chapter 11 Cases and Hearing on First Day Motions* (the "Combined Hearing Notice"), which provided a summary of the Plan;

b. published, on January 4, 2019, in each of *The Wall Street Journal* and the *Financial Times International Edition*, notice of the date and time set for the hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"), as evidenced by the Certification of Publication of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Blackdog Holdings, Inc. (8991); FULLBEAUTY Brands Holdings Corp. (8053); FULLBEAUTY Brands, Inc. (4198); FULLBEAUTY Brands, LLC (9445); FULLBEAUTY Brands Management Services, LLC (8637); FULLBEAUTY Brands Merchant, Inc. (7812); FULLBEAUTY Brands Operations, LLC (5382); FULLBEAUTY Brands Texas, LLC (9606); Jessica London, Inc. (1070); and Swimsuits for All, LLC (3246). The location of the Debtors' service address is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

1

      Combined Hearing Notice, filed contemporaneously herewith, (the "Publication Notice") filed on February 3, 2019;

c.     posted, on January 6, 2019, the Plan and Disclosure Statement on the "public" side of the first lien and second lien lenders' data sites and on the Prime Clerk public website;

d.     solicited, beginning on or about January 6, 2019 through January 24, 2019, including the Plan, Disclosure Statement, and Ballots for voting on the Plan to those Holders of Claims entitled to vote on the Plan in accordance with the terms of chapter 11 of the Bankruptcy Code, the Bankruptcy Rules, the *Amended Procedural Guidelines for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York*, as amended, effective June 27, 2013 (as adopted by General Order M-387) (the "Guidelines"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules");

e.     distributed, on January 14, 2019, the *Notice of Filing Plan Supplement and Hearing to Consider Confirmation of Plan* (as the same may have been modified, supplemented, and amended, the "Plan Supplement");

f.     posted, on January 16, 2019, the Plan Supplement on the "public" side of the first lien and second lien lenders' data sites and on the Prime Clerk public website;

g.     posted, on January 31, 2019, the *Second Plan Supplement* on the Prime Clerk public website and, on February 1, 2019, on the "public" side of the first lien and second lien lenders' data sites;

h.     posted, on February 1, 2019, the Debtors' first day motions and confirmation pleadings on the "public" side of the first lien and second lien lenders' data sites and on the Prime Clerk public website;

i.     posted, on February 1, 2019, the *Third Plan Supplement* on the Prime Clerk public website and, on February 2, 2019, on the "public" side of the first lien and second lien lenders' data sites;

j.     commenced, on February 3, 2019 (the "Petition Date"), the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code;

k.     filed, on the Petition Date: (i) *the First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 11]; (ii) the Disclosure Statement; (iii) the *Debtors' Motion for Entry of an Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Establishing a Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (III) Approving the Solicitation Procedures, (IV) Approving the Combined Hearing Notice, (V) Directing that a Meeting of Creditors Not Be Convened, and (VI) Granting Related Relief* [Docket No. 23]

2

  (the "Combined Hearing Motion"); and (iv) the *Certification of Craig E. Johnson of Prime Clerk LLC with Respect to the Solicitation and Tabulation of Votes Relating to the Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 18] (the "Voting Certification"), which details the results of the Plan voting process;

l. filed, on the Petition Date, the *Prime Clerk Solicitation Affidavit*, filed contemporaneously herewith, (the "Solicitation Affidavit"), and (ii) *Affidavit of Service* with respect to notice of the Combined Hearing, filed contemporaneously herewith (the "Combined Hearing Notice Affidavit," and, together with the Publication Notice and the Solicitation Affidavits, the "Affidavits");

m. filed, on the Petition Date: (i) the *Debtors' Memorandum of Law in Support of an Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 19] (the "Plan Confirmation Brief"); (ii) *Debtors' Supplemental Brief in Support of Confirmation of the First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 20] (the "Supplemental Brief"); (iii) the *Declaration of Robert J. Riesbeck, Chief Financial Officer of FULLBEAUTY Brands Holdings Corp. in Support of Confirmation of the Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 15] (the "Riesbeck Declaration"); (iv) the *Declaration of Emilie Arel in Support of Confirmation of the First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 22] (the "Arel Declaration"); (v) the *Declaration of Jesse DelConte in Support of Confirmation of the First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 17] (the "DelConte Declaration"); and (vi) the *Declaration of Joshua Abramson in Support of Confirmation of the First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 16] (the "Abramson Declaration"); and

n. operated their businesses and managed their properties during the Chapter 11 Cases as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

The Bankruptcy Court having:

o. reviewed the solicitation procedures regarding votes to accept or reject the Plan (the "Solicitation Procedures");

3

    p.      reviewed the Plan, Disclosure Statement, the Plan Confirmation Brief, the Supplemental Brief, the Plan Supplement, the Riesbeck Declaration, the Arel Declaration, the DelConte Declaration, the Abramson Declaration, the Voting Certification, and all other filed pleadings, exhibits, statements, affidavits, declarations, and comments regarding Confirmation of the Plan, including all objections, statements, and reservations of rights made with respect thereto;

    q.      reviewed the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in Article IX of the Plan;

    r.      held the Combined Hearing on February 4, 2019, at 2:00 p.m., prevailing Eastern Time pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

    s.      heard the statements, arguments, representations, and objections made by counsel in respect of Confirmation of the Plan;

    t.      overruled any and all objections to the Plan and Confirmation thereof and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated; and

    u.      taken judicial notice of the papers and pleadings filed and all orders entered in the Chapter 11 Cases.

**NOW, THEREFORE**, it appearing to the Bankruptcy Court that notice of the Combined Hearing and the opportunity for any party in interest to object to approval of the Disclosure Statement and Confirmation have been adequate and appropriate as to all Entities affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Combined Hearing establish just cause for the relief granted herein; and upon the record of the Combined Hearing and the representations made thereat; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law and orders:

IT IS DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

**I.    Jurisdiction and Venue**

1.    Venue in the Bankruptcy Court was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during the Chapter 11 Cases. Approval of the Disclosure Statement and Confirmation of the Plan are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(L) and (O) that under the United States Constitution the Bankruptcy Court may decide by final Order. The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). The Bankruptcy Court has exclusive jurisdiction to determine whether the Disclosure Statement contains adequate information for purposes of section 1125 of the Bankruptcy Code.

**II.    Burden of Proof**

2.    The Debtors have met their burden of proving that the Disclosure Statement contains adequate information under section 1125 of the Bankruptcy Code and that the Plan complies with each element of sections 1129(a) and, to the extent applicable, if any, 1129(b) of the Bankruptcy Code by a preponderance of the evidence.

**III.    Notice of the Combined Hearing**

3.    Notice of the Combined Hearing was appropriate and satisfactory and is approved in all respects.

**IV.    Combined Hearing on the Disclosure Statement and Plan Confirmation**

4.    In light of the fact that the Plan provides for the unimpairment of all Allowed General Unsecured Claims under section 1124 of the Bankruptcy Code and there is unanimous acceptance from all creditors in all voting classes, the Debtors' need to normalize trade credit as quickly as possible provides a basis for holding, and it was appropriate to hold, a Combined Hearing on the Debtors' request for approval of the Disclosure Statement and Confirmation of the Plan under sections 105(d)(2)(B)(vi) and 1125(g), Bankruptcy Rule 3018(b), and the Guidelines.

**V.    Approval of the Disclosure Statement**

5.    The Disclosure Statement is approved in all respects as containing adequate information under section 1125 of the Bankruptcy Code and complying with applicable nonbankruptcy law under section 1125(g) of the Bankruptcy Code, the solicitation of Ballots on the Plan also being in compliance with applicable nonbankruptcy law.

**VI.    Confirmation of the Plan**

6.    The Plan, a copy of which is attached as **Exhibit A** hereto, as amended by the terms of this Order, is confirmed pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, the Plan Supplement, and any other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan, and all amendments and modifications thereof made in accordance with the Plan and the Confirmation Order, are hereby approved by the Confirmation Order; *provided* that the Debtors, subject to the Restructuring Support Agreement, may make non-material modifications to the Plan Supplement prior to the Effective Date.

7.    Any and all objections to the Plan that have not been withdrawn or resolved prior to the Confirmation Hearing are hereby overruled.

8.    The documents contained in the Plan Supplement are integral to the Plan and are approved by the Court and the Debtors and the Reorganized Debtors (as applicable) are authorized to take all actions required under the Plan and the Plan Supplement documents to effectuate the Plan and the Restructuring Transactions.

9.    The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Confirmation Order. The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically

6

include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

10.  The discharge, compromises, settlements, releases, exculpations, and injunctions set forth in Article IX of the Plan are approved and will be effective immediately and binding on all parties in interest on the Effective Date.  For the avoidance of doubt, nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to rule 1.8(h) of the New York Rules of Professional Conduct.

11.  The Debtors shall cause to be served a notice of the entry of this Confirmation Order and occurrence of the Effective Date, substantially in form attached hereto as **Exhibit B** (the "Confirmation Notice"), upon (a) all parties listed in the creditor matrix maintained by Prime Clerk LLC and (b) such additional persons and entities as deemed appropriate by the Debtors, no later than five (5) business days after the Effective Date.  The Debtors shall cause the Confirmation Notice to be published in *The Wall Street Journal* and the *Financial Times International Edition* within seven (7) business days after the Effective Date.

**VII.  Solicitation**

12.  The Solicitation Procedures complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, and all other applicable nonbankruptcy rules, laws, and regulations.  The modifications to the Plan as of the date of this Confirmation Order are not of the type to require additional disclosure or solicitation of the Plan under Bankruptcy Rule 3019.

**VIII.  Immediate Binding Effect**

13.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062, or otherwise, this Confirmation Order is a Final Order and the period in which an appeal must be filed shall

commence upon the entry hereof.  The terms of this Confirmation Order and the Plan shall be immediately effective and enforceable and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(g), 6006(d), or 7062, and shall be deemed binding upon the Debtors, the Reorganized Debtors, and any and all Holders of Claims or Interests (irrespective of whether Holders of such Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, each Entity acquiring property under the Plan and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.

**IX.    Issuance and Distribution of the New Equity**

14.    On the Effective Date, one or more entities formed on or shortly before the Effective Date (as determined in accordance with the terms and conditions of the Restructuring Support Agreement and the Restructuring Transactions Memorandum) shall issue or reserve for issuance all of the New Equity, Warrants, and Options Rights issued or issuable in accordance with the terms of the Plan, Restructuring Support Agreement, and Restructuring Transactions.  The (a) transfer of the New Equity, Warrants, and Options to the Debtors for distribution pursuant to the Plan in accordance with the Restructuring Transactions and (b) the New Common Stock issuable upon exercise of the Warrants and the Option Rights is authorized without the need for further corporate action or any further act or action under applicable law, regulation, order, or rule, or the vote, consent, authorization, or approval of any person (including any Holders of Claims or Interests or the governing bodies of the Reorganized Debtors), and all of the shares of New Common Stock distributed or issuable pursuant to the Plan shall be duly authorized, validly issued, fully paid, and non-assessable.

15.    This Confirmation Order shall constitute (a) the approval by this Bankruptcy Court of the New Equity Documents and all transactions contemplated thereby and all actions to be

8

taken, undertakings to be made, and obligations to be incurred by the Reorganized Debtors in connection therewith, and (b) authorization by this Bankruptcy Court for the Reorganized Debtors to enter into and execute the New Equity Documents and such other documents as may be required to effectuate the New Equity, provide guarantees and grant the security interests pursuant to the New Equity Documents. Executed versions of the New Equity Documents shall constitute legal, valid, binding, and authorized obligations of the Reorganized Debtors, enforceable in accordance with their terms.

16. The offering, issuance, and distribution of the New Equity and any other securities to be issued and distributed, whether on the Effective Date or any other date of a distribution thereafter (other than the Sponsor Warrant Package), pursuant to the terms of the Plan or in accordance with this Confirmation Order, comply with section 1145 of the Bankruptcy Code and shall be exempt from, among other things, the registration requirements of Section 5 of the Securities Act and any other applicable U.S., state, or local law requiring registration prior to the offering, issuance, distribution, or sale of securities.

17. In addition, any securities contemplated by the Plan (other than the Sponsor Warrant Package) and any and all agreements incorporated therein, including the New Equity, shall be subject to (a) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act; (b) compliance with any rules and regulations of the Securities and Exchange Commission, if any, applicable at the time of any future transfer of such securities or instruments; (c) the restrictions, if any, on the transferability of such securities and instruments; and (d) applicable regulatory approval, if any.

18. Each share of the New Common Stock issued pursuant to the Plan and this Confirmation Order shall be duly authorized, validly issued, fully paid, and non-assessable. Each

distribution and issuance of the New Equity referred to in Article IV of the Plan shall be governed by the terms and conditions set forth in the Plan applicable to such distribution or issuance and by the terms and conditions of the instruments evidencing or relating to such distribution or issuance, which terms and conditions shall bind each Holder receiving such distribution or issuance. The New Equity need not be issued through the facilities of the Depository Trust Company (the "DTC"). The Debtors or the Reorganized Debtors may elect to issue New Equity through the facilities of the DTC, whether on the Effective Date or on a date after the Effective Date. The Reorganized Debtors need not provide any further evidence (including, without limitation, any legal opinion) other than the Plan and this Confirmation Order to the DTC or any other person with respect to the treatment of the New Equity under applicable securities laws.

## X.    Treatment of Executory Contracts and Unexpired Leases

19.    The assumption or assumption and assignment, as applicable, of Executory Contracts and Unexpired Leases as set forth in Article V of the Plan is hereby authorized.

20.    To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed or assumed and assigned pursuant to the Plan restricts or prevents, purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment of such Executory Contract or Unexpired Lease (including any "change of control" provision), such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.

## XI.    Discharge of Claims

21.    Except as otherwise specifically provided in the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in full and final satisfaction, settlement, release,

and discharge, effective as of the Effective Date, of all Equity Interests and Claims of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against the Debtors, the Reorganized Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (a) a Proof of Claim or Equity Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (b) a Claim or Equity Interest is Allowed, or (c) the Holder of such Claim or Equity Interest has accepted the Plan.

22.     The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring, except as otherwise expressly provided in the Plan. For the avoidance of doubt, nothing in <u>Article IX.A</u> of the Plan shall not affect the rights of Holders of Claims and Interests to seek to enforce the Plan, including the distributions to which Holders of Allowed Claims and Interests are entitled under the Plan.

**XII.    Professional Fee Escrow Account.**

23.     For the avoidance of doubt, after all Allowed Accrued Professional Compensation Claims have been paid in full, any excess amounts remaining in the Professional Fee Escrow Account shall be returned to the Reorganized Debtors.

**XIII.   Exit Financing**

24.     The Reorganized Debtors are hereby authorized on or before the Effective Date to enter into, and take such actions as necessary or desirable to perform under the Exit ABL Facility, the Exit New Money Facility, New First Lien Term Loan, the New Junior Loan, all Exit Facilities

Documents and all other documents or agreements related thereto, and all transactions contemplated thereby, including the payment or reimbursement of any fees, indemnities, and expenses under or pursuant to any such documents and agreements entered into or delivered in connection therewith.  Without limiting the foregoing, the Reorganized Debtors are specifically authorized to:  (i) execute and deliver and incur and perform their obligations under the Exit ABL Facility and all Exit ABL Facility Documents and (ii) repay the ABL Facility in accordance with Article III.B.3.c of the Plan.  The Exit ABL Facility and each of the Exit ABL Facility Documents constitute legal, valid and binding obligations of the Reorganized Debtors.  Upon the repayment of the ABL Facility in accordance with Article III.B.3.c of the Plan and closing of the Exit ABL Facility, each of the Exit ABL Facility, the Exit New Money Facility, New First Lien Term Loan, and the New Junior Loan, the agents and lenders thereunder shall have valid, binding, perfected and enforceable Liens on, and security interests in, all collateral specified in the respective Exit Facilities Documents, as applicable, with the priorities set forth in the applicable intercreditor agreements and other Exit Facilities Documents, and subject only to such Liens and security interests as may be expressly permitted under the Exit Facilities Documents, as applicable, and the Reorganized Debtors and the agents and lenders granted such Liens and security interests are each hereby authorized to make any and all filings and recordings necessary or desirable in connection with such Liens and security interests.  The obligations, guarantees, mortgages, pledges, Liens, and security interests granted pursuant to or in connection with the Exit ABL Facility and the Exit New Money Facility are, in each case, granted in good faith, for good and valuable consideration and for legitimate business purposes as an inducement to the lenders to extend credit thereunder and shall be, and hereby are, deemed not to constitute a fraudulent conveyance or fraudulent transfer and shall not otherwise be subject to avoidance, equitable subordination, or

recharacterization and shall constitute legal, valid, binding, and authorized obligations of the Reorganized Debtors, enforceable in accordance with their terms.

**XIV. Nonseverability of Plan Provisions Upon Confirmation**

25. The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Confirmation Order. The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Confirmation Order does not diminish or impair the effectiveness of enforceability of such article, section, or provision.

**XV. Waiver of Section 341(a) Meeting**

26. As of the date of this Confirmation Order, the requirement that the U.S. Trustee convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code is hereby waived.

**XVI. Stay of Confirmation**

27. This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062, for cause.

**XVII. Final Order**

28. This Confirmation Order is a Final Order and the period within which an appeal must be filed commences upon the entry hereof.

**XVIII. Modifications to the Plan**

29. The final sentence of Article.VI.B.1., Article.VI.B.2., and Article.VI.B.3, shall begin with "Except for gross negligence, willful misconduct, and actual fraud,".

30. Article VI.D. shall be deleted in its entirety.

31.  Article VII.I. shall be deleted in its entirety.

32.  The deemed good faith provided for in Article IX.D. shall be subject to will gross negligence, willful misconduct, and actual fraud.

33.  The first sentence of Article IV.K. shall be modified to read "To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfer from a Debtor to a Reorganized Debtor or to any Entity under the Plan…"

34.  Article II.A.2. provides "After all Allowed Accrued Professional Compensation Claims have been paid in full, any excess amounts remaining in the Professional Fee Escrow Account shall be returned to the Reorganized Debtors."

Dated:  White Plains, New York  
       February 5, 2019

/s/Robert D. Drain

THE HONORABLE ROBERT D. DRAIN  
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Plan**

**<u>Exhibit B</u>**

**Confirmation Notice**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FULLBEAUTY BRANDS HOLDINGS CORP., *et al.*,[1] | ) | Case No. 19-22185 (RDD) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**NOTICE OF (I) ENTRY OF ORDER
APPROVING DISCLOSURE STATEMENT
FOR AND CONFIRMING THE DEBTORS' FIRST
AMENDED JOINT PREPACKAGED CHAPTER 11 PLAN OF
REORGANIZATION AND (II) OCCURRENCE OF EFFECTIVE DATE**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on [____], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), entered an order [Docket No. [__]] (the "Confirmation Order") approving the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates* (as the same may have been modified, supplement, and amended, the "Disclosure Statement") and confirming the *First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 11] (as modified, amended, and including all supplements and exhibits thereto, the "Plan")[2] (attached as Exhibit A to the Confirmation Order) of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on [____].

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order, the Plan, and copies of all documents filed in these chapter 11 cases are available free of charge by visiting https://cases.primeclerk.com/fullbeauty or by calling the Debtors' restructuring hotline at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Blackdog Holdings, Inc. (8991); FULLBEAUTY Brands Holdings Corp. (8053); FULLBEAUTY Brands, Inc. (4198); FULLBEAUTY Brands, LLC (9445); FULLBEAUTY Brands Management Services, LLC (8637); FULLBEAUTY Brands Merchant, Inc. (7812); FULLBEAUTY Brands Operations, LLC (5382); FULLBEAUTY Brands Texas, LLC (9606); Jessica London, Inc. (1070); and Swimsuits for All, LLC (3246). The location of the Debtors' service address is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan and the Confirmation Order, as applicable.

(844) 205-7534 (toll free) or (347) 576-1559 (international).  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at:  http://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has approved certain discharge, release, exculpation, injunction, and related provisions in Article IX of the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions are binding on the Debtors, the Reorganized Debtors, and any Holder of a Claim or an Interest and such Holder's respective predecessors, successors, and assigns, whether or not the Claim or the Interest of such Holder is Impaired under the Plan, and whether or not such Holder voted to accept the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan and the Confirmation Order contain other provisions that may affect your rights.  You are encouraged to review the Plan and the Confirmation Order in their entirety.

Dated: [____]  
New York, New York

/s/ DRAFT  
Jonathan S. Henes, P.C.  
George Klidonas  
Rebecca Blake Chaikin  
Gene Goldmintz  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone: (212) 446-4800  
Facsimile: (212) 446-4900  

-and-

Emily E. Geier (*pro hac vice* admission pending)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200  

*Proposed Counsel for the Debtors and Debtors in Possession*

---

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE,  
PLEASE CONTACT PRIME CLERK LLC BY CALLING (844) 205-7534**