Jonathan S. Henes, P.C.
George Klidonas
Rebecca Blake Chaikin
Gene Goldmintz
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FULLBEAUTY BRANDS HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 19-22185 (RDD) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**APPLICATION FOR FINAL DECREE**
**CLOSING THE CHAPTER 11 CASES PURSUANT TO**
**SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and, before the Effective Date of the Plan (each as defined herein), the "Reorganized Debtors") submit this application (the "Application") for entry of a final decree, substantially in the form attached hereto as **Exhibit A**, closing their chapter 11 cases.[2]

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Blackdog Holdings, Inc. (8991); FULLBEAUTY Brands Holdings Corp. (8053); FULLBEAUTY Brands, Inc. (4198); FULLBEAUTY Brands, LLC (9445); FULLBEAUTY Brands Management Services, LLC (8637); FULLBEAUTY Brands Merchant, Inc. (7812); FULLBEAUTY Brands Operations, LLC (5382); FULLBEAUTY Brands Texas, LLC (9606); Jessica London, Inc. (1070); and Swimsuits for All, LLC (3246). The location of the Reorganized Debtors' service address is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] A detailed description of the Reorganized Debtors and their business, and the facts and circumstances supporting the Reorganized Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Robert J. Riesbeck, Chief Financial Officer of FULLBEAUTY Brands Holdings Corp., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Reorganized Debtors' voluntary

**Relief Requested**

1. By this Application, the Reorganized Debtors respectfully request that this Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing their chapter 11 cases as set forth in **Exhibit 1**.

**Jurisdiction**

2. This United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C §§ 1408 and 1409. In addition, pursuant to the Confirmation Order (as defined herein), this Court has retained jurisdiction to enter a final decree closing these chapter 11 cases.

4. The statutory basis for the relief requested herein is section 350(a) of title 11 of the Bankruptcy Code, Bankruptcy Rule 3022, and rules 9013-1(a) and 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

---

petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on February 3, 2019 (the "Petition Date"). Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to them in the Plan.

**Background**

5.     On the Petition Date, each of the Reorganized Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 5, 2019, the Court entered the *Order (I) Approving the Disclosure Statement and Confirming the Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings corp. and Its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 39] (the "Confirmation Order"), thereby confirming the *First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of FULLBEAUTY Brands Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 11] (as may be amended, modified, or supplemented, the "Plan").[3] The Plan was substantially consummated on February 7, 2019 (the "Effective Date"). As of the date hereof, the Reorganized Debtors have resolved all outstanding prepetition claims and made all distributions on account of such claims in a manner consistent with the Plan.

**Basis for Relief**

6.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

7.     The Advisory Committee Note to Bankruptcy Rule 3022 provides in pertinent part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or [its successor] has assumed the business or the

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

3

> management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

8. Courts generally use the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. *See, e.g.*, *In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999). The six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Kliegl Bros.*, 238 B.R. at 542; *see also Walnut Assocs.v. Saidel*, 164 B.R. 487 (E.D. Pa. 1994).

9. Here, the Court entered the Confirmation Order on February 5, 2019 and such order is a final order [Docket No. 39].[4] Following entry of the Confirmation Order, the Reorganized Debtors worked diligently and in good faith to ensure that the conditions to the effectiveness of the Plan, as set forth in Article VIII of the Plan, were met, and on February 7, 2019, the Effective Date occurred and the Plan was substantially consummated [Docket No. 53].

10. All property contemplated to be transferred or distributed pursuant to the Plan as to each of the Reorganized Debtors has been transferred or disbursed to all creditors entitled to such distributions. Among other things, the following has occurred:

---

[4] *See* Confirmation Order, ¶ 28. Furthermore, there are no pending appeals of the Confirmation Order.

4

- The Bankruptcy Court has approved the Disclosure Statement as containing adequate information with respect to the Plan within the meaning of section 1125 of the Bankruptcy Code.

- The Confirmation Order has been entered and is in full force and effect and such Confirmation Order is a Final Order.

- The Debtors have obtained any authorization, consents, regulatory approvals, rulings, or documents that are necessary to implement and effectuate the Plan and each of the other transactions contemplated by the Restructuring Transactions.

- Each Class 1 – Other Allowed Secured Claim has been satisfied such that it is Unimpaired.

- Each Class 2 – Other Priority Claim has been satisfied such that it is Unimpaired.

- Each Class 3 – ABL Claim has been paid in full in cash such that it is Unimpaired.

- Each Class 4 – FILO Claim has received its *pro rata* share of the $75 million New First Lien Term Loan.

- Each Class 5 – First Lien Claim has received its *pro rata* share of the $175 million New First Lien Term Loan and either New Common Stock or a portion of the Junior Loan, depending on the election made on the respective Holder's ballot.

- Each Class 6 – Second Lien Claim has received its *pro rata* share of the $15 million New Junior Loan, 10% of New Common Stock, and its Second Lien Warrant Package.

- Each Class 7 – General Unsecured Claim has been satisfied such that it is Unimpaired.

- Each Class 8 – Intercompany Claim has been reinstated, compromised, or cancelled in accordance with the Plan.

- Each Class 9 – Equity Interest in Holdings has been cancelled.

- Each Class 10 – Intercompany Interest has been reinstated, compromised, or cancelled in accordance with the Plan.

- All actions, documents, certificates, and agreements necessary to substantially consummate the Plan have been effected or executed and delivered to the required parties and, to the extent required, filed with the applicable Governmental Units in accordance with applicable laws.

- All conditions precedent to the effectiveness of the Exit Facilities Documents have been satisfied contemporaneously.

- All conditions precedent to the issuance of the New Common Stock, including the Warrants and in accordance with the Option Rights and the Management Incentive Plan, have been satisfied.

- All documents and agreements necessary to implement the Plan have been executed and delivered. All conditions precedent to the effectiveness of such documents and agreements have been satisfied or waived pursuant to the terms thereof.

- The final version of the Plan Supplement and all of the schedules, documents, and exhibits contained therein and all other schedules, documents, supplements, and exhibits to the Plan are consistent with the Restructuring Support Agreement and Article I.E of the Plan.

- All of the other Definitive Documents not expressly set forth in Article VIII of the Plan have been executed in accordance with section 2 of the Restructuring Support Agreement and Article I.E of the Plan.

- Amounts sufficient to pay Accrued Professional Compensation Claims and expenses of Retained Professionals after the Effective Date have been placed in the Professional Fee Escrow Account pending approval by the Bankruptcy Court.

- The First Lien Early Acceptance Premium has been paid in Cash in full on the Effective Date in accordance with the terms of the Restructuring Support Agreement and Article II.B of the Plan.

- All invoiced reasonable and documented fees and out-of-pocket expenses payable pursuant to section 27(b) of the Restructuring Support Agreement, Article II.A.2.d of the Plan, or an order of the Bankruptcy Court have been paid in full.

- The Debtors and Reorganized Debtors, as applicable, have implemented the restructuring in a manner consistent in all respects with the Plan and the Restructuring Support Agreement.

11. As of the date hereof, all motions, contested matters, and adversary proceedings related to the Reorganized Debtors have also been finally resolved.

12. The Reorganized Debtors also request that the Court close these chapter 11 cases in light of section 1930(a)(6) of title 28 of the U.S. Code, which requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Such fees are a financial burden on the Reorganized Debtors and approval of this Application would result in the Reorganized Debtors saving approximately

6

$300,000 per quarter. As of the date hereof, no fees are yet due and payable pursuant to section 1930(a)(6) of title 28 of the United States Code. The Reorganized Debtors will make any final payments due to the Office of the United States Trustee in connection with this Application, and the Reorganized Debtors do not owe any money to the Clerk of the Court as of the date hereof. Based on the foregoing, ample justification exists for entry of a final decree closing these chapter 11 cases.

## The Closing Report

13.    In accordance with the requirements of Local Bankruptcy Rule 3022-1, attached hereto as **Exhibit B** is a copy of the closing report, which includes a summary of the fees and expenses awarded to the professionals retained by the Reorganized Debtors during these chapter 11 cases, as well as additional information regarding distributions made pursuant to the Plan.

## Notice

14.    The Debtors will provide notice of this Application to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Reorganized Debtors (on a consolidated basis); (c) counsel to the ABL Agent; (d) counsel to the First Lien Agent; (e) counsel to the Second Lien Agent; (f) the FILO Lenders; (g) counsel to the Ad Hoc Group of First Lien Lenders; (h) counsel to the Ad Hoc Group of Second Lien Lenders; (i) counsel to Apax Partners, LLP; (j) counsel to Charlesbank Capital Partners, LLC.; (k) the United States Attorney's Office for the Southern District of New York; (l) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; (n) the state attorneys general for all states in which the Reorganized Debtors conduct business; and (o) any party that requests service pursuant to Bankruptcy Rule

2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Reorganized Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated:  March 5, 2019<br>New York, New York | */s/ Jonathan S. Henes, P.C.*<br>Jonathan S. Henes, P.C.<br>George Klidonas<br>Rebecca Blake Chaikin<br>Gene Goldmintz<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>-and-<br><br>Emily E. Geier (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Proposed Counsel for the Reorganized Debtors* |

# **EXHIBIT A**

**Proposed Final Decree**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FULLBEAUTY BRANDS HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 19-22185 (RDD) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**FINAL DECREE CLOSING THE DEBTORS'**
**CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Upon the application (the "Application")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and, before the Effective Date of the Plan, the "Reorganized Debtors"), for entry of a final decree closing the chapter 11 cases of the Reorganized Debtors pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, all as more fully set forth in the Application; and upon the First Day Declaration; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and this Bankruptcy Court

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Blackdog Holdings, Inc. (8991); FULLBEAUTY Brands Holdings Corp. (8053); FULLBEAUTY Brands, Inc. (4198); FULLBEAUTY Brands, LLC (9445); FULLBEAUTY Brands Management Services, LLC (8637); FULLBEAUTY Brands Merchant, Inc. (7812); FULLBEAUTY Brands Operations, LLC (5382); FULLBEAUTY Brands Texas, LLC (9606); Jessica London, Inc. (1070); and Swimsuits for All, LLC (3246). The location of the Reorganized Debtors' service address is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Application.

having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the relief requested in the Application is in the best interests of the Reorganized Debtors, their estates and creditors, and other parties in interest; and this Bankruptcy Court having found that the Reorganized Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Bankruptcy Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Reorganized Debtors' chapter 11 cases identified on **Exhibit 1** attached hereto are hereby closed; *provided*, *however*, that this Court shall retain such jurisdiction as is provided in Article X of the Plan, which provides for the retention of this Court's exclusive jurisdiction over all matters arising out of, or related to, these chapter 11 cases and the Plan, and the entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen these chapter 11 cases for good cause shown.

3. The Reorganized Debtors shall reserve sufficient funds to pay the United States Trustee the appropriate amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, including, for the avoidance of doubt, fees for the period from February 3, 2019 through and including the date of entry of this Final Decree

(the "Cash Disbursement Period"). The Reorganized Debtors shall provide to the United States Trustee an affidavit indicating the cash disbursements that occurred during the Cash Disbursement Period (the "Cash Disbursement Affidavit") within ten (10) business days of entry of this Final Decree. The Reorganized Debtors shall remit payment of the outstanding quarterly fees described in this paragraph 3 within fifteen (15) business days of the date the United States Trustee receives the Cash Disbursement Affidavit to avoid any interest payments that may otherwise accrue thereon.

      4.     The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

Dated: _____, 2019  
White Plains, New York

                              THE HONORABLE ROBERT D. DRAIN  
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Chapter 11 Cases to Be Closed

**Chapter 11 Cases to Be Closed**

| DEBTOR | CASE NO. |
|---|---|
| Blackdog Holdings, Inc. | 19-22194 (RDD) |
| FULLBEAUTY Brands Holdings Corp. | 19-22185 (RDD) |
| FULLBEAUTY Brands, Inc. | 19-22187 (RDD) |
| FULLBEAUTY Brands, LLC | 19-22186 (RDD) |
| FULLBEAUTY Brands Management Services, LLC | 19-22190 (RDD) |
| FULLBEAUTY Brands Merchant, Inc. | 19-22188 (RDD) |
| FULLBEAUTY Brands Operations, LLC | 19-22192 (RDD) |
| FULLBEAUTY Brands Texas, LLC | 19-22193 (RDD) |
| Jessica London, Inc. | 19-22189 (RDD) |
| Swimsuits for All, LLC | 19-22191 (RDD) |

# EXHIBIT B

## Closing Report

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FULLBEAUTY BRANDS HOLDINGS CORP., *et al.*,[1] | ) | Case No. 19-22185 (RDD) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**CLOSING REPORT IN CHAPTER 11 CASE**

To the best of my knowledge and belief, the total fees and expenses incurred by and paid to the Reorganized Debtors' counsel and other retained professionals prior to the Effective Date is as follows:

FEES AND EXPENSES (from case inception and including the Effective Date):[2]

$383,517.05     FEES FOR ATTORNEY FOR REORGANIZED DEBTORS[3]

$8,848,210.07     OTHER PROFESSIONAL FEES AND ALL EXPENSES[4]

_____n/a_____     TRUSTEE FEE (if applicable)

_____n/a_____     FEE for ATTORNEY for TRUSTEE (if applicable)

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Blackdog Holdings, Inc. (8991); FULLBEAUTY Brands Holdings Corp. (8053); FULLBEAUTY Brands, Inc. (4198); FULLBEAUTY Brands, LLC (9445); FULLBEAUTY Brands Management Services, LLC (8637); FULLBEAUTY Brands Merchant, Inc. (7812); FULLBEAUTY Brands Operations, LLC (5382); FULLBEAUTY Brands Texas, LLC (9606); Jessica London, Inc. (1070); and Swimsuits for All, LLC (3246). The location of the Reorganized Debtors' service address is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] A list of the fees and expenses requested to be paid to each proposed retained professional in these chapter 11 cases is attached hereto as **Schedule 1**.

[3] Includes fees and expenses of legal professionals proposed to be retained by the Reorganized Debtors pursuant to section 327 of the Bankruptcy Code. These fees and expenses have not been approved by the Court. Therefore, the amount requested in the applicable fee applications is provided as an estimate.

[4] Includes the fees and expenses of other debtor-retained professionals: PJT Partners, Inc., as proposed investment banker, AlixPartners, LLP as proposed financial advisors, and Prime Clerk LLC, in its capacity as proposed administrative advisor. These fees and expenses have not been approved by the Court. Therefore, the amount requested in the applicable fee applications is provided as an estimate.

| | |
|---|---|
| \_\_\_\_\_n/a\_\_\_\_\_ | % DIVIDEND PAID/TO BE PAID |
| \_\_\_\_\_n/a\_\_\_\_\_ | FUTURE DIVIDENDS |

| | |
|---|---|
| \_\_\_\_\_Yes\_\_\_\_\_ | INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED |
| \_\_\_\_\_n/a\_\_\_\_\_ | OTHER: |

Dated: March 5, 2019        /s/ Jonathan S. Henes, P.C.
New York, New York          Jonathan S. Henes, P.C.
                            George Klidonas
                            Rebecca Blake Chaikin
                            Gene Goldmintz
                            **KIRKLAND & ELLIS LLP**
                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                            601 Lexington Avenue
                            New York, New York 10022
                            Telephone:    (212) 446-4800
                            Facsimile:    (212) 446-4900

                            -and-

                            Emily E. Geier (admitted *pro hac vice*)
                            **KIRKLAND & ELLIS LLP**
                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                            300 North LaSalle
                            Chicago, Illinois 60654
                            Telephone:    (312) 862-2000
                            Facsimile:    (312) 862-2200

                            *Proposed Counsel for the Reorganized Debtors*

**Schedule 1**

| PROFESSIONAL | FEE PERIOD | FEES | EXPENSES | TOTAL |
|---|---|---|---|---|
| Kirkland & Ellis LLP and Kirkland & Ellis International LLP (Proposed Counsel to the Reorganized Debtors) | 2/3/2019 - 2/7/2019 | $365,233.00 | $18,284.05 | $383,517.05 |
| PJT Partners, Inc. (Proposed Investment Banker to the Reorganized Debtors) | 2/3/2019 - 2/7/2019 | $8,726,785.71 | $283.49 | $8,727,069.20 |
| AlixPartners, LLP (Proposed Financial Advisor to the Reorganized Debtors) | 2/3/2019 - 2/7/2019 | $110,992.25 | $4,631.51 | $115,623.76 |
| Prime Clerk LLC (Proposed Administrative Advisor for the Reorganized Debtors) | 2/3/2019 - 2/7/2019 | $5,505.50 | $11.61 | $5,517.11 |